IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| NORTHLAND INSURANCE COMPANY, | ) ) ) |
| Plaintiff, | ) ) ) |
| vs. | ) Case No. 17-CV-400-NJR-DGW ) |
| MIDWEST CASH, INC., and MISTY YARBER, | ) ) ) ) |
| Defendants. | ) |

# MEMORANDUM AND ORDER

**ROSENSTENGEL, District Judge:**

Pending before the Court is a motion to stay proceedings filed by Defendant Midwest Cash, Inc. ("Midwest Cash") (Doc. 28). Northland Insurance Company ("Northland") filed this lawsuit pursuant to the Declaratory Judgment Act arguing that it has no duty to defend Midwest Cash against Misty Yarber's tort action and no duty to indemnify Midwest Cash in the event it is found liable. Northland relies on three different exclusions within the policy to argue that the policy terms bar coverage and relieve Northland of any duty to defend or indemnify. On July 14, 2017, Midwest Cash filed a motion to stay (Doc. 28) arguing that there are mutual issues of fact and law in the present case and those to be decided in the state court action. On August 9, 2017, Misty Yarber filed a response indicating that she generally agrees with the motion to stay and that the issues raised in this declaratory judgment action are premature (Doc. 33). On August 18, 2017, Northland filed a response in opposition to the motion to stay (Doc. 35).

Northland argues that the legal issue to be decided by this Court is separate and distinct from the factual issues in the underlying state court action. In total, the briefing on the motion to stay leaves much to be desired and, particularly, fails to highlight the distinction between the duty to defend and the duty to indemnify.

As to Northland's request for default judgment regarding its duty to defend Midwest Cash in the underlying state court action, Midwest Cash has not met its burden of showing that a stay is warranted. To determine whether an insurer has a duty to defend an insured, "the court must look to the allegations in the underlying complaint and compare these allegations to the relevant provisions of the insurance policy . . . . If the facts alleged in the underlying complaint fall within, or even potentially within, the policy's coverage, the insurer's duty to defend arises." *Santa's Best Craft, LLC v. St. Paul Fire and Marine Ins. Co.*, 611 F.3d 339, 346 (7th Cir. 2010). Specifically, Midwest Cash has failed to adequately explain to the Court how resolution of this action requires fact-finding that could conflict with the facts found by the court in the underlying state court action. The Court is not convinced that it would be unable to resolve this lawsuit by simply comparing the allegations of the complaint in the underlying lawsuit with the Northland policy provisions. Thus, the Court **DENIES** the Motion to Stay (Doc. 28) with respect to Northland's request for default judgment regarding its duty to defend at this time.

As to Northland's request for default judgment regarding its duty to indemnify Midwest Cash for damages resulting from the underlying state court action, courts have routinely held that decisions about indemnity are not ripe until the underlying liability

has been established. *See Medical Assurance Co., Inc. v. Hellman*, 610 F.3d 371, 375 (7th Cir. 2010) ("Second is the duty-to-indemnify point, which will not be ripe until liability has been established"); *see also Westfield Ins. Co. v. Sheehan Const. Co., Inc.*, 575 F. Supp. 2d 956, 959 (S.D. Ind. 2006) (citing additional cases); *see also Outboard Marine Corp. v. Liberty Mut. Ins. Co.*, 607 N.E.2d 1204, 1221 (Ill. 1992) ("the question of whether the insurer has a duty to indemnify the insured for a particular liability is only ripe for consideration if the insured has already incurred liability in the underlying claim against it."). In fact, the Seventh Circuit has admonished a district court for staying an unripe duty to indemnify claim, when it should have dismissed such a claim without prejudice. *See Hellman*, 610 F.3d at 375 ("The district court was aware that the duty-to-indemnify claim was not ripe, but rather than dismiss that aspect of the case, it included it in the stay that was issued. The proper resolution, however, would have been to dismiss."); *see also Nationwide Insurance v. Zavalis*, 52 F.3d 689, 693 (7th Cir. 1995) (noting that because "[the insured] had not yet been deemed liable ... the district court was correct to dismiss without prejudice the declaratory judgment action insofar as it sought a determination of the company's duty to indemnify [the insured]").

Accordingly, the Court **ORDERS** Northland to **SHOW CAUSE** on or before **December 29, 2017**, why the Court should not dismiss the indemnification claim without prejudice for lack of ripeness.

**IT IS SO ORDERED.**

**DATED:**   December 15, 2017

s/ Nancy J. Rosenstengel_____
**NANCY J. ROSENSTENGEL**
**United States District Judge**
